IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM PELLETIER, | ) | Civil Action No. 7:15-cv-00016 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF | ) | |
| VIRGINIA, et al., | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |         United States District Judge |

Adam Pelletier, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff requests damages, a declaration, and an injunction as relief because the defendants allegedly caused him to be convicted in state court. For the following reasons, the complaint is dismissed without prejudice as frivolous.

Plaintiff's arguments invoking the Thirteenth Amendment, admiralty law, contract law, and himself as a sovereign are legally frivolous. Several defendants, including attorneys Snook and Harkraider and newspaper staffers Luck and "John and Jane Does," did not act under color of state law, which is a prerequisite for § 1983 liability. Defendants Commonwealth of Virginia, judges Cullen and Sanners, and prosecutor Don Short and Assistant Attorney General M. T. Judge are immune from damages pursuant to sovereign, judicial, and prosecutorial immunity, respectively. Liability under § 1983 must be predicated on a personal act or omission, which Plaintiff fails to describe for defendants Ken Cuccinelli and Jerry Kilgore. Moreover, Plaintiff cannot pursue relief via § 1983 by relying on labels and conclusions, which are not entitled to the assumption of truth. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Plaintiff argues that defendant police officers entrapped him or fraudulently obtained his incriminating statements that led to his criminal convictions. It is well settled that a § 1983 claim cannot succeed where a judgment in the inmate's favor would necessarily demonstrate the

invalidity of confinement. Heck v. Humphrey, 512 U.S. 477, 486-88 (1994). Accordingly, Plaintiff pursues indisputably meritless legal theories to recover money and compel his release via 42 U.S.C. § 1983 while still incarcerated and without showing favorable termination of the criminal proceedings. See id. at 487 (noting favorable termination is when the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal or federal court). Accordingly, the complaint is dismissed without prejudice as frivolous for pursuing indisputably meritless legal theories.

        Entered: May 8, 2015

        /s/ Michael F. Urbanski

        Michael F. Urbanski
        United States District Judge